22-0459
*C.C. v. New York City Department of Education*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-three.

PRESENT:    Reena Raggi,
            Richard C. Wesley,
            Steven J. Menashi,
                *Circuit Judges.*
_____

C.C., individually and on behalf of D.A., a child with a disability,

        *Plaintiff-Appellant*,

    v.                                          No. 22-0459

NEW YORK CITY DEPARTMENT OF EDUCATION,

        *Defendant-Appellee.*

_____

*For Plaintiff-Appellant*: BENJAMIN KOPP, Cuddy Law Firm, Auburn, NY.

*For Defendant-Appellee*: AMY MCCAMPHILL (Richard Dearing, Deborah A. Brenner, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the February 22, 2022, judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant C.C. appeals the judgment of the district court overruling her objections and adopting the September 30, 2021, memorandum opinion and order of the magistrate judge denying C.C.'s motion for a preliminary injunction. The plaintiff sued the New York City Department of Education ("DOE") under the Individuals with Disabilities Education Act for the DOE's alleged non-compliance with an order of an impartial hearing officer awarding compensatory tutoring services to C.C.'s child, D.A. We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

On June 22, 2018, the plaintiff initiated an administrative due process hearing on behalf of D.A., alleging that D.A. had been denied a free appropriate public education at Public School 159 for the three school terms 2016-17, 2017-18, and 2018-19. The plaintiff prevailed: on May 13, 2019, an impartial hearing officer issued an order that granted, among other forms of relief not relevant here, compensatory tutoring from the date of the order until August 31, 2021 (the "IHO Order"). The decretal portion of the order specifically provided that "[D.A.] is entitled to a ... bank of 1,280 hours of 1:1 tutoring services ... *to be drawn upon by the family at such times and in such locations as they deem practicable, and to be used no later than August 31, 2021.*" J. App'x 64 (emphasis added).

On November 6, 2019, the plaintiff notified the DOE through counsel that she had chosen Kid Success, Inc., to provide the awarded tutoring services. Kid Success began tutoring D.A. on November 18, 2019, and provided the child with 21 hours of tutoring between November 2019 and April 21, 2020.

On April 21, 2020—after receiving invoices for D.A.'s tutoring—the DOE notified Kid Success that it had authorized funding for these services for the "period May 1 2019 through Apr[il] 30 2021" and that the "hours were to be used no later than August 31, 2021," as provided in the IHO Order. *Id.* at 105. The record reflects that Kid Success had provided tutoring services to D.A. from May 2020 through March 2021.

In support of her claim that the DOE failed to satisfy its obligations under the IHO Order, the plaintiff asserted that, on April 30, 2021, D.A.'s tutoring services were cut off because the DOE did not renew or extend its authorization for funding. When the plaintiff's counsel raised this issue to the DOE in an email dated June 3, 2021, the DOE promptly responded that it could authorize such funding only for two-year blocks at a time and reiterated its commitment to "fund any remaining hours through the expiration date listed in the [IHO] order," including services provided after April 30, 2021. *Id.* at 107. The record contains no invoices from Kid Success for tutoring services provided to D.A. in May 2021, to which the plaintiff points as evidence that Kid Success cut off its tutoring services for that month. But it does contain invoices that the DOE paid for services Kid Success provided to D.A. from June 3, 2021, until August 31, 2021.

4

After initiating this action in the district court on March 5, 2020, the plaintiff moved for a preliminary injunction to compel the DOE to fund tutoring services through at least August 31, 2022—an additional year beyond the date set in the IHO Order. The plaintiff contended that such an extension of services was warranted because (1) the DOE did not initiate communication with plaintiff about how and when to use the tutoring hours, which resulted in the loss of "seven months" of tutoring from May 13, 2019, through November 13, 2019; (2) the DOE's failure to authorize tutoring services in a timely fashion was the "primary cause" for limited tutoring services from November 14, 2019, through April 21, 2020; and (3) the DOE failed to authorize tutoring services beyond April 30, 2021, resulting in services being cut off in May 2021. *Id.* at 39-40.

On September 30, 2021, the magistrate judge issued an opinion and order denying the plaintiff's motion. The plaintiff then submitted Rule 72 objections, which the district court overruled, adopting the magistrate judge's order in its entirety. Applying a clearly erroneous standard, the district court determined that "the plain language of the IHO order did not order the DOE to take any further action before D.A. was entitled to receive tutoring services. Instead, the IHO stated that the tutoring hours were to be drawn by the family at such times and in such

5

locations as they deem practicable, and to be used no later than August 31, 2021." *Id.* at 278 (internal quotation marks and citations omitted). Therefore, "the [magistrate judge's] conclusion that Plaintiff could not establish a likelihood of success on the merits of her claim was not clearly erroneous." *Id.*

## II

We generally review a district court's denial of a preliminary injunction for abuse of discretion. *Hester ex rel. A.H. v. French*, 985 F.3d 165, 175 (2d Cir. 2021). Under this standard, "the factual findings and legal conclusions underlying the district court's decision are evaluated under the clearly erroneous and *de novo* standards, respectively." *Oneida Nation of N.Y. v. Cuomo*, 645 F. 3d 154, 164 (2d Cir. 2011) (internal quotation marks omitted). In this case, the district court's determination to review the magistrate judge's order for clear error is itself a legal conclusion which we review *de novo*. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

On *de novo* review, we conclude that the district court erred by applying the clearly erroneous standard when considering the magistrate judge's order. That standard pertains to review of "[n]ondispositive matters" and "pretrial matter[s]" referred to a magistrate judge. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

6

However, motions for injunctive relief are expressly excluded by the statute from the "pretrial matters" that are set aside or modified only if clearly erroneous. 28 U.S.C. § 636(b)(1)(A). A magistrate judge's proposed orders pertaining to such motions are subject to a "de novo determination." *Id.* § 636(b)(1)(C).

We therefore review the magistrate judge's order *de novo*. Even if "the District Court applied the wrong standard of review, our own *de novo* review of the record and the District Court's application of law to the facts of this case ... obviates the need for a remand." *Finkel v. Romanowicz*, 577 F.3d 79, 84 n.7 (2d Cir. 2009).

## III

The plaintiff has failed to demonstrate that the DOE did not fully implement the IHO Order, so she cannot meet the standard for a mandatory preliminary injunction. To obtain a mandatory preliminary injunction against governmental action, a plaintiff must (1) "make a strong showing of irreparable harm" absent injunctive relief, (2) "demonstrate a clear or substantial likelihood of success on the merits," and (3) demonstrate a "public interest weighing in favor of granting the injunction" and that the "balance of equities tips in his or her favor." *Hester*,

7

985 F.3d at 176 (internal quotation marks omitted) (quoting *Yang v. Kosinski*, 960 F.3d 119, 127-28 (2d Cir. 2020)).

The plaintiff contends that the DOE failed to initiate proactive communication with her or her counsel about how and when to use the tutoring hours, which resulted in the loss of seven months of tutoring from May 13, 2019, through November 13, 2019, and that an order directing the DOE to reauthorize and fund tutoring is necessary to halt D.A.'s educational regression. Appellant's Br. 13-15. But the IHO Order stated that the tutoring hours were "to be drawn upon by the family at such times and in such locations as they deem practicable, and to be used no later than August 31, 2021." J. App'x 64. The IHO Order made it the plaintiff's prerogative to determine when and where to draw on the bank of tutoring hours. Similarly, the evidence does not show that Kid Success limited tutoring hours on account of the DOE's purported delays in authorizing tutoring services. To the contrary, Kid Success provided tutoring services several months before receiving notice of the DOE's funding authorization.

The plaintiff also contends that Kid Success cut off services from April 30, 2021, through June 3, 2021, because the "DOE's funding authorization expired on April 30, 2021," pursuant to the notice of April 21, 2020. Appellant's Br. 38.

8

However, as the magistrate judge observed, "the record is unclear whether *Kid Success* declined to continue rendering tutoring services … or whether *Plaintiff* did not seek tutoring for D.A. at that time." J. App'x 229. Either way, the notice of April 21, 2020, conformed to the IHO Order's direction that the tutoring services were to be used "no later than August 31, 2021." *Id.* at 105. Furthermore, as the DOE promptly explained to the plaintiff's counsel, the DOE's commitment to fund tutoring services for D.A. did not expire on April 30, 2021. Rather, the DOE processed payment obligations for only two years at a time, which explains why its confirmation notice to Kid Success included an expiration date that differed from the date in the IHO Order. The DOE also submitted an affidavit in opposition to the plaintiff's request for injunctive relief, which explains that if, after the initial two-year authorization period expires, the IHO deadline is still pending, its system automatically reauthorizes to the correct expiration date upon the receipt of new invoices. *Id.* at 152. The DOE's explanation substantially controverts the plaintiff's assertion that the DOE refused to implement the IHO Order such that she cannot show a "clear or substantial likelihood" of success on the merits, which is on its own fatal to the plaintiff's motion. *Hester*, 985 F.3d at 176 (quoting *Yang*, 960 F.3d at 128).

\*     \*     \*

We have considered the plaintiff's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court